**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| Angela Cunliffe | ) | Case No: 12cv6334 |
| | ) | |
| v. | ) | |
| | ) | Judge: Susan E. Cox |
| | ) | |
| Jeffrey Wright, et al | ) | |
| | ) | |

**ORDER**

Initial status hearing and motion hearing held. Discovery cutoff has not been set. Plaintiff's motion to compel Board of Education, City of Chicago, Inspector General, James Sullivan, Compliance Subpoena duces tecum [64] is granted in part and denied in part. Plaintiff's motion to compel defendant to answer Plaintiff's first request for production or grant judgment is granted in part and denied in part [66]. Plaintiff's motion for continuance [93] is moot. Defendant's motion to dismiss or to compel discovery responses and memorandum in support thereof [99] is mooted as a duplicate and motion [101] is granted in part and denied in part. Plaintiff's motion for disqualification and removal of defendant counsel Lisa Dreshmire and any board of education attorney [90] is entered and continued. Finally, to avoid any confusion regarding plaintiff's receipt of copies of documents filed, defendant agrees to deliver two courtesy copies to the Court. Plaintiff may pick up the additional copy. Status hearing set for December 11, 2013 at 10:00 a.m. The parties are further instructed to meet and confer prior to the filing of any discovery motion, and that leave of court is required prior to the filing of a response to discovery motions. [For further detail see order]

(T: 1 hr 10 min)          **STATEMENT**

Plaintiff's motion to compel Board of Education, City of Chicago, Inspector General, James Sullivan, Compliance Subpoena duces tecum [64] is granted in part and denied in part. This motion will be treated as a request to produce, therefore, the file is to be produced but should be done pursuant to defendant's proposed protective order. Plaintiff's motion to compel defendant to answer Plaintiff's first request for production or grant judgment is granted in part and denied in part [66]. The Court's specific rulings are as follows: defendant will timely supplement request #1 when and if it answers the complaint; requests 2-5 are mooted; as to request #6, defendant agrees to determine if there are records from meetings between the principal of the school and the board, which mention plaintiff or the evaluation of teachers, and produce such files on or before 12/4/13; as to request #7 defendant to indicate when the preservation order was put in place, and plaintiff is ordered to provide any emails she sent to the board, within her possession, on or before 11/26/2013; request #8 is mooted as defendant indicates all documents

have been produced; the Court sustains defendant's objections to requests 9-10; request #12 is mooted; defendant agrees to more fully respond to requests 13-14; requests 16-20 are mooted as defendants have fully answered; request #21 is treated as a contention interrogatory, requiring defendant to supplement as the case proceeds; request #22 is mooted; defendant agrees to investigate further as to any information on benefits relating to request #23; request #25 is mooted; and the Court sustains defendant's objection to request #26. Plaintiff's motion for continuance [93] is moot. Defendant's motion to dismiss or to compel discovery responses and memorandum in support thereof [101] is granted in part and denied in part. The Court's specific rulings are as follows: plaintiff is to fully respond to interrogatories 1 and 3 on or before 12/4/13 by providing every witness and their contact information, and to further supplement this interrogatory as the case proceeds; as to interrogatory #5, plaintiff is to provide full names and contact information for her comparators; as to interrogatory #9, plaintiff is to list all damages by amount, including lost salary; as to interrogatory #10, plaintiff is to provide information on any job applications, including where she applied and the result of her applications; and plaintiff is to provide the full names of her medical providers and contact information in response to interrogatory #14. Plaintiff is also instructed to sign the HIPAA order in open court. Regarding the requests for production, plaintiff is instructed to produce to defendant all information and documents in each category on or before 12/4/13, however, plaintiff's objection is sustained as to her tax returns. Plaintiff's motion for disqualification and removal of defendant counsel Lisa Dreshmire and any board of education attorney [90] is entered and continued. Court will rule by mail. Finally, to avoid any confusion regarding plaintiff's receipt of copies of documents filed, defendant agrees to deliver two courtesy copies to the Court. Plaintiff may pick up the additional copy. Status hearing set for December 11, 2013 at 10:00 a.m. The parties are further instructed to meet and confer prior to the filing of any discovery motion, and that leave of court is required prior to the filing of a response to discovery motions.

Date:   11/20/2013                           /s/Susan E. Cox_____
                                             U.S. Magistrate Judge