UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA CUNLIFFE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY WRIGHT, in his individual and official )<br>capacities; the BOARD OF EDUCATION OF THE )<br>CITY OF CHICAGO; and the BOARD OF )<br>EDUCATION'S OFFICE OF INSPECTOR GENERAL, )<br>)<br>Defendants. ) | Case No. 12-cv-06334<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Angela Cunliffe brought this action relating to her allegedly unlawful dismissal as a counselor at a Chicago high school. Defendants, the Board of Education of the City of Chicago and Jeffrey Wright, have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count III of Cunliffe's Third Amended Complaint. For the reasons discussed below, Defendants' Motion is granted.

### BACKGROUND

Cunliffe, proceeding *pro se*, filed this lawsuit on August 10, 2012. She subsequently amended her claims several times. On June 20, 2014, this Court dismissed Cunliffe's nineteen-count Second Amended Complaint, dismissing some claims with prejudice and granting Cunliffe leave to amend the claims that were dismissed without prejudice. Cunliffe obtained legal counsel and, on November 12, 2014, filed a Third Amended Complaint ("TAC"). The TAC asserts three claims: (1) violation of due process under the Fourteenth Amendment (Count I); (2) a constitutional claim for "stigma plus" (Count II); and (3) First Amendment retaliation (Count III).

The following facts are drawn from the TAC and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). In 1992, Cunliffe was hired at Dr. Martin Luther King Jr. College Preparatory High School ("King") by the Board and attained tenure that same year. In September 2000, Cunliffe moved into a tenured counselor position at King. Defendant Wright was the principal at King from August 2005 through March 2012. (Compl. ¶¶ 4-8.)

King provides benefits to homeless students through a publically funded program, known as "Students in Temporary Living Situations" ("STLS"). (*Id.* ¶ 10.) Wright assigned Cunliffe to be the STLS liaison and assigned another King employee, Rhonda Jones, to be the STLS clerk. (*Id.* ¶ 11.) As STLS liaison, Cunliffe was responsible for providing general counseling services to student candidates, advising them of their rights under the program, and completing enrollment forms for Wright's final approval. (*Id.* ¶ 12.)

In June 2009, Cunliffe learned that three of Jones's children were enrolled improperly in the STLS program. (*Id*. ¶ 14.) Cunliffe brought the issue to Wright's attention, who indicated that he did approve their enrollment. Cunliffe also consulted with the Board's STLS Coordinator, Jennifer Fabbrini, who recommended a compliance audit of King's STLS program. (*Id*. ¶ 16.) Cunliffe later made an anonymous report with the Board's Office of the Inspector General. (*Id*. ¶ 15.)[1]

---

[1] The nature of this "anonymous report" allegedly made by Cunliffe is ambiguous; it is unclear whether it was an oral report or a written one. Paragraph 15 of the TAC alleges that "Plaintiff later filed an anonymous complaint with the Board's Office of the Inspector General," and paragraph 55 alleges that Plaintiff "made an anonymous report." In her Response brief, however, Cunliffe claims that "she called the Board of Education's Inspector General's Office from her cell phone and made an anonymous complaint." (Pl.'s Resp. at 2.) Due to these discrepancies, this Opinion refers to the alleged conduct simply as a "report."

The day after Fabbrini conducted the audit, Wright issued Cunliffe a notice of a pre-disciplinary hearing that accused Cunliffe of misconduct, insubordination, and incompetently performing her duties. (*Id.* ¶ 18.) Cunliffe had always maintained a "superior" performance rating until these disciplinary proceedings were initiated in 2009. (*Id.* ¶ 9.) Cunliffe subsequently received additional poor performance reviews and reprimands. On August 13, 2010, Cunliffe received a termination letter from the Board stating that her position was closed due to "redefinition." (*Id*. ¶¶ 23-27.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint by citing the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must simply allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must also provide defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). However, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

**ANALYSIS**

To state a First Amendment retaliation claim, a plaintiff must allege that: "(1) his speech was constitutionally protected; (2) the protected speech was a 'but-for' cause of the employer's action; and (3) that he suffered a deprivation because of the employer's action." *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011) (internal citations omitted); *see also Peele v. Burch*, 722 F.3d 956, 959 (7th Cir. 2013).

*Constitutionally Protected Speech*

A public employee's speech will be protected by the First Amendment where she is speaking as a citizen on a matter of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). However, where a public employee makes statements pursuant to her official duties, that speech is not protected. *Id.* at 421. Accordingly, there must be a "threshold determination regarding whether the public employee spoke in his capacity as a private citizen or as an employee." *Chaklos v. Stevens*, 560 F.3d 705, 712 (7th Cir. 2009) (internal citations omitted).

The basis of Cunliffe's First Amendment retaliation claim is that she made an anonymous report to the Board's Inspector General's Office about suspected misappropriation of public funds. (Compl. ¶ 55.) Defendants argue that Cunliffe was acting pursuant to her official duties in reporting this fraud, while Cunliffe asserts that she was acting as a private citizen reporting on a matter of public concern.

In a recent decision, *Spalding v. City of Chicago*, 24 F. Supp. 3d 765 (N.D. Ill. 2014), District Judge Feinerman surveyed Seventh Circuit law on this issue and noted that the cases "draw the following line regarding a public employee's reporting of official misconduct":

> If the employee reports misconduct in the manner directed by official policy, to a supervisor, or to an external body with formal oversight responsibility, then the employee speaks pursuant to her official duties and her speech is unprotected . . . . By contrast, if the employee testifies regarding misconduct to a jury or grand jury or reports misconduct outside established channels or in violation of official policy, she speaks as a private citizen and her speech is constitutionally protected.

*Id.* at 776 (comparing *Tamayo*, 526 F.3d at 1091; *Vose v. Kliment*, 506 F.3d 565, 570-71 (7th Cir. 2007); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511 (7th Cir. 2007); *Spiegla v. Hull*, 481 F.3d 961, 963 (7th Cir. 2007); with *Chrzanowski v. Bianchi*, 725 F.3d 734, 739-40 (7th Cir. 2013); *Chaklos*, 560 F.3d at 711-12 (internal descriptions omitted)).

For example, in *Tamayo*, the plaintiff, an employee of the Illinois Gaming Board, testified about alleged misconduct before the Illinois House Gaming Committee, a legislative committee responsible for overseeing the Illinois Gaming Board. *Tamayo*, 526 F.3d at 1091. The Seventh Circuit took a "practical view" of the employee's responsibilities and held that the plaintiff was acting pursuant to her job duties in reporting the misconduct. *Id.* at 1092. The court further noted that the plaintiff's "conclusory legal statements" that she was acting as a private citizen were insufficient to save her claim. As such, the court upheld the dismissal of her First Amendment retaliation claim. *Id.*

In contrast, in *Chaklos*, plaintiffs, forensic scientists employed by the Illinois State Police, sent a letter to protest the State's award of a no-bid contract. *Chaklos*, 560 F.3d at 709. The Seventh Circuit noted that the plaintiffs had signed their letter as employees of a separate, private company and had not complained to their own supervisors about job-related matters. *Id.* at 712. Consequently, the court held that plaintiffs were acting as private citizens reporting on a matter of public concern. *Id.* at 714.

5

Here, Cunliffe reported the suspected STLS fraud to the Board's Office of the Inspector General, an agency with oversight of fraud in Chicago public schools. *See* 105 ILL. COMP. STAT. § 5/34-13.1. Taking a "practical view" of Cunliffe's responsibilities as STLS liaison, Cunliffe had a duty to report suspected fraud, and she did so within the "established" channels. *Tamayo*, 526 F.3d at 1091; *Spalding*, 24 F. Supp. 3d at 776. Consequently, Cunliffe was acting pursuant to her official duties, and her speech is not protected by the First Amendment.

*Causation*

Furthermore, even if Cunliffe's conduct in making an anonymous report regarding the improperly enrolled children was constitutionally protected, her First Amendment claim fails for a separate reason: Cunliffe has not plausibly alleged that her speech was the "but-for" cause of her termination. Cunliffe alleges that she made the report to the Board's Office of the Inspector General anonymously; she does not allege that anyone knew or even suspected that it was Cunliffe who made that report.[2]

Indeed, in two cases discussed by Cunliffe in her Response brief, *Trigillo v. Snyder*, 547 F.3d 826 (7th Cir. 2008) and *Novick v. Staggers*, No. 08 C 3733, 2012 WL 2325661 (N.D. Ill. June 19, 2012), the courts dismissed the First Amendment claim because the decision-makers did not know that the plaintiff had engaged in the alleged speech. In *Trigillo*, 547 F.3d at 830, the Seventh Circuit affirmed summary judgment in favor of the defendant where the plaintiff failed to present any evidence that the decision-maker knew that the plaintiff had made a report to the FBI. Likewise, in *Novak*, 2012 WL 2325661 at *7, the district court held that the plaintiff failed

---

[2] Notably, in her Response Brief, Cunliffe includes facts that have not been pled in the TAC. *See supra*, footnote one. Consequently, those facts are not properly before the Court and have not been considered.

to establish causation because the decision-makers did not know the plaintiff was talking to the FBI.

As in *Trigillo* and *Novick*, Cunliffe has failed to establish that anyone knew she made the report. Tellingly, Cunliffe makes the conclusory allegation that Wright was "motivated by the anonymous report" when he took disciplinary action against her. (TAC ¶ 56.) This conclusory legal statement is insufficient to plausibly allege Cunliffe's anonymous report was the cause of her termination.

Because Cunliffe has failed to state a First Amendment retaliation claim, Count III of the TAC is dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Count III [154] is granted. Cunliffe is granted a final leave to amend her claim, if she can do so pursuant to Rule 11, within thirty days of this Order.

Date:   March 26, 2015                    _____
                                          JOHN W. DARRAH
                                          United States District Court Judge