UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANGELA CUNLIFFE, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 12-cv-6334 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JEFFREY WRIGHT, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Angela Cunliffe filed a Complaint alleging that Defendants Jeffrey Wright ("Wright") and the Board of Education of the City of Chicago ("Board") (collectively, "Defendants"), violated her due process rights and stigmatized her in violation of 42 U.S.C. § 1983. Defendants now move for summary judgment of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Motion is granted.

### LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement,

the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005).

Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the responding party fails to comply with Rule 56.1, its "additional facts may be ignored, and the properly supported facts asserted in the moving party's submission are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 666 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

## BACKGROUND

The following facts are taken from the Defendants' statement of undisputed material facts submitted in accordance with Local Rule 56.1. Plaintiff filed a Response to Defendants' Statement of Undisputed Facts and a Statement of Additional Undisputed Facts. Both Plaintiff's Response and the Statement of Additional Undisputed Facts do not cite to any exhibits that are attached to either document or any other exhibits on the record. As Plaintiff failed to comply

2

with the applicable rules of procedure, the properly supported facts in Defendants' submission are deemed admitted. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

The Board is a body politic organized pursuant to 105 ILCS 5/34-2 that maintains the Chicago Public Schools ("CPS"). (Dkt. 209 ¶ 2.) Wright was the principal of Dr. Martin Luther King Jr. College Preparatory High School ("King CP") during the time period relevant to Plaintiff's lawsuit. (Dkt. 209 ¶ 3.) Plaintiff is a current Board employee who is working as an elementary school teacher. (Dkt. 209 ¶ 4.) Plaintiff was a school counselor at King CP and was the school's liaison for the Board's program addressing the needs of homeless students, the Students in Temporary Living Situations ("STLS") Department. (Dkt. 209 ¶ 4.) During both the 2008-2009 and 2009-2010 school years, there were four counselors at King CP. (Dkt. 209 ¶ 6.)

During the 2009-2010 school year, Wright disciplined Plaintiff on more than one occasion. (Dkt. 209 ¶ 11.) On September 22, 2009, Wright gave Plaintiff a Notice of Pre-Discipline Hearing listing four reasons: missing consecutive Fridays, failing to attend the mandated yearly training that all STLS liaisons are required to participate in, failing to meet with students during the period Plaintiff identified as her student contact time, and inappropriately notifying the school regarding attendance at a conference. (Dkt. 209 ¶ 12.) On October 1, 2009, Wright met with Plaintiff to discuss these reasons. (Dkt. 209 ¶ 13.) After this meeting, Wright did not issue a written reprimand to Plaintiff. (Dkt. 209 ¶ 14.)

On December 2, 2009, the Board's STLS Department conducted an audit of King CP's STLS program. The audit revealed several deficiencies. (Dkt. 209 ¶ 15.) On that date, Wright issued Plaintiff a second Notice of Pre-Discipline Hearing. (Dkt. 209 ¶ 16.) A discipline hearing was held on January 5, 2010. Plaintiff attended with her union representative. (Dkt. 209 ¶ 18.)

3

Plaintiff participated in the hearing and presented evidence in her defense. (Dkt. 209 ¶ 19.) After the hearing, a written reprimand was placed in Plaintiff's personnel file. (Dkt. 209 ¶ 20.) Plaintiff then requested a meeting with Wright, which was held over two days in January 2010. (Dkt. 209 ¶ 21.) King CP's union representative, Karen Lewis, was present both days. (Dkt. 209 ¶ 23.) During the meetings, Wright and Plaintiff discussed her job responsibilities. Wright gave her a list of areas of improvement which coincided with the Board's performance standards for non-classroom teaching staff. (Dkt. 209 ¶ 24.) At the end of the 2009-2010 school year, Plaintiff took leave. On June 10, 2010, Wright issued Plaintiff a third Notice of Pre-Discipline Hearing. (Dkt. 209 ¶ 26.)

During the 2009-2010 school year, Wright formally evaluated Plaintiff's job performance as a counselor. (Dkt. 209 ¶ 29.) On January 26, 2010, Wright conducted a formal observation of Plaintiff. (Dkt. 209 ¶ 29.) After the observation, Wright conducted a post-evaluation conference and reiterated the areas Plaintiff needed to improve and identified additional areas requiring improvement. (Dkt. 209 ¶ 31.) In May 2010, Wright informally observed Plaintiff's work. After this observation, Wright gave Plaintiff an "unsatisfactory" rating on May 27, 2010. (Dkt. 209 ¶ 34.) Plaintiff was the only counselor to receive an "unsatisfactory" rating from Wright during the 2009-2010 school year. (Dkt. 209 ¶ 36.) The collective bargaining agreement between the Board and the Chicago Teachers Union ("CTU") requires one formal observation of counseling staff. (Dkt. 209 ¶ 38.) A grievance hearing was held on November 9, 2010, which Plaintiff attended with her union representative. (Dkt. 209 ¶ 44.)

Due to a budget deficit for the 2010-2011 school year, upwards of 700 teachers, tenured and probationary, were laid off in the Summer of 2010. (Dkt. 209 ¶¶ 46, 47.) Two positions at

4

King CP were identified for lay-offs. (Dkt. 209 ¶ 55.) On June 23, 2010, the Board passed a resolution that stated that appointed teachers (tenured and probationary) with "unsatisfactory" ratings or under remediation would be laid off first. (Dkt. 209 ¶ 56.) Wright had no knowledge of this resolution until June 24, 2010. (Dkt. 209 ¶ 56.) On August 10, 2010, Plaintiff was notified that her position had been redefined and that she would be laid off and honorably dismissed effective August 31, 2010. Plaintiff was not terminated for cause. (Dkt. 209 ¶¶ 59, 60.) Neither the Board nor Wright put a "Do Not Hire" or "DNH" indicator or flag on Plaintiff's personnel file. (Dkt. 209 ¶ 66.)

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party is responsible for informing the court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999).

## ANALYSIS

*Plaintiff's Due Process Claim*

"To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is: (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010).

5

To prevail on a claim for the deprivation of property without due process, Plaintiff must establish that she holds a property interest protected by the Fourteenth Amendment. *Bd. of Regents v. Roth*, 408 U.S. 564, 576-77 (1972). A protected property interest in employment can arise from a statute, regulation, municipal ordinance, or an express or implied contract. . . . " *Covell v. Menkis*, 595 F.3d 673, 675-76 (7th Cir. 2010). In the employment context, a property interest exists "when an employer's discretion is clearly limited so that the employee cannot be denied employment unless specific conditions are met." *Buttitta v. City of Chicago,* 9 F.3d 1198, 1202 (7th Cir. 1993). Plaintiff argues that the Illinois School Code creates constitutionally protected property interests in both her continued employment as a tenured teacher and her right to participate in the "E3" remediation process after receiving an "unsatisfactory" rating, as further discussed below.

*Section 34-84 of the Illinois School Code*

Defendants argue that Plaintiff did not have a protectable property interest in her continued employment and cannot prevail on her due process claim. Plaintiff alleges that section 34-84 of the Illinois School Code creates a constitutionally protected property interest in continued employment for a tenured teacher. Plaintiff cites to *Ferkel v. Bd. of Educ. of the City of Chi.*, 45 F.Supp.3d 824, 834 (N. D. Ill. 2014) to support her contention that there is a property interest under 105 ILCS 34-84 where the plaintiff believes that she was discharged because of pretextual claims about her job performance and qualifications. However, the court in *Ferkel* specifically states that "[i]f the reasons driving a layoff are economic, the Board can consider employee performance and qualifications when deciding whom to lay off," and that these considerations do not violate a teacher's due process rights. *Ferkel*, 45 F.Supp.3d at 835.

6

Defendants argue that Plaintiff was laid off due to the budget deficit for the 2010-2011 school year and that the decision to lay off Plaintiff in particular was due to the Board's resolution that teachers with "unsatisfactory" ratings or under remediation would be laid off first.

Plaintiff contends that Wright: (a) gave her an "unsatisfactory" evaluation to avoid the procedural requirements of a for-cause termination; (b) knew prior to giving the rating that the Board would issue a resolution requiring a teacher with an "unsatisfactory" rating to be laid off out of seniority; and (c) gave Plaintiff the rating in order to provide pretext for Plaintiff's subsequent lay off. Plaintiff provides no evidence to support her claim that she was discharged because of pretextual claims about her job performance such that the Illinois Code confers on her a constitutionally protected property interest. Plaintiff also argues that the 2010 economic layoff was a "negotiation ploy" during negotiations between the Board and the CTU. This allegation is not only irrelevant, but unsupported by any evidence. "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Harney v. Speedway Super America LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). Thus, Plaintiff fails to establish that there is a genuine issue of material fact as to whether she has a property interest in her continued employment.

*The "E3" Remediation Process*

Plaintiff cites to section 24A of the Illinois School Code to support her claim that the remediation process is both mandatory and that participation in that process creates a constitutionally protected property interest which she was denied. However, as noted by

7

Defendants, Section 24A does not apply to Chicago Public Schools[1]. Plaintiff does not cite to any statute or case law that creates a mandatory right to participate in the "E3" remediation process. As Plaintiff provides no support for her claim that she has a property interest entitling her to participation in the E3 remediation process prior to her layoff, she fails to show that there is a genuine issue of material fact that Defendants' failure to allow her to participate constitutes a violation of her due process rights[2].

### *Plaintiff's Stigma Plus Claim*

Plaintiff claims that Defendants stigmatized her when the media began reporting that "the Board decided to terminate unsatisfactory staff without regards to seniority." (Dkt. 144.) Plaintiff claims that these statements were false and made with "knowledge of internal directives to lower ratings based on concerns other than performance." (*Id.*) Plaintiff also claims that the Board had a policy of maintaining a "Do Not Hire" list and that her inclusion on that list, as well as her allegedly erroneous "unsatisfactory" rating, deprived her of her liberty interest in pursuing her chosen profession. (*Id.*)

"[M]ere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment." *Khan*, 630 F.3d at 534. Plaintiff "must allege that the defendants' defamatory statements alter or extinguish a right or status previously recognized by state law." *Santana v.*

---

[1] Plaintiff claims that this section of the Illinois School Code is referred to by the "Contract" and "Policy" but does not identify which contract or policy to which she refers.

[2] Even if Plaintiff could show that she had such a right, she would not have been able to begin or successfully complete the "E3" process prior to the conclusion of the 2009-2010 school year. Plaintiff received her "unsatisfactory" rating on May 27, 2010, and took leave at the end of that school year. She was not in school for 30 days after the date she received that rating.

*Cook County Bd. of Review,* 679 F.3d 614, 621 (7th Cir. 2012). Plaintiff claims that after she was laid off, she was not allowed to work for the Board for two years and that she only obtained her current position after the Board changed its policies regarding its "Do Not Hire" list. Plaintiff further contends that during that two-year period, she was informally offered positions within the Board that were then rescinded after the hiring manager reviewed her record. Plaintiff fails to support any of these claims with facts or evidence. Plaintiff does not specifically identify the Board policies she refers to in her Third Amended Complaint, and provides no support for her claim that she was offered positions that were rescinded during the two-year period between her termination and her current employment. Defendants note that Plaintiff's personnel file does not have a "Do Not Hire" designation and that it indicates that she was "honorably terminated." Plaintiff does not offer any evidence that Defendants placed the designation of "Do Not Hire" on her personnel file and fails to provide any evidence of defamation or alteration of her legal status. (Dkt. 209 ¶¶ 66-70.) Thus, Plaintiff fails to establish that there is a genuine issue of material fact as to her Stigma Plus claim.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment [207] is granted.

Date: January 7, 2016

JOHN W. DARRAH
United States District Court Judge