```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
```

| | |
|---|---|
| ANGELA CUNLIFFE, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-cv-6334 |
| v. ) | |
| ) | Judge John W. Darrah |
| JEFFREY WRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Angela Cunliffe filed a Complaint, alleging that Defendants Jeffrey Wright ("Wright") and the Board of Education of the City of Chicago ("Board") (collectively, "Defendants") violated her due process rights and stigmatized her in violation of 42 U.S.C. § 1983. On January 8, 2016, Defendants' Motion for Summary Judgment was granted, and Defendants filed a Bill of Costs [228]. Plaintiff filed a Motion to Reconsider and Vacate [229] pursuant to Federal Rules of Civil Procedure 59(e) and 60. For the reasons set forth below, Plaintiff's Motion [229] is denied, and Defendants' Bill of Costs [228] is granted.

### **BACKGROUND**

On October 5, 2016, Defendants filed a Motion for Summary Judgment of all of Plaintiff's claims. (Dkt. 207.) Plaintiff then filed a Memorandum in Opposition to Defendants' Motion but failed to attach any exhibits cited in her memorandum. (Dkt. 217.) Defendants noted this failure in their Reply to Plaintiff's Memorandum. (Dkt. 221.) Plaintiff did not seek leave from the Court to cite any exhibits in opposition to Defendants' Motion. Defendants' Motion was granted, and judgment was entered in their favor on all counts. (Dkt. 226.) On

February 9, 2016, Plaintiff filed this Motion to Reconsider and Vacate this Court's Memorandum Opinion and Order, dated January 7, 2016. (Dkt. 229.) On March 8, 2016, Plaintiff filed a Motion to Alter the February 25, 2016 Order in this case, entering and continuing Plaintiff's Motion for Reconsideration to March 9, 2016. (Dkt. 236.) In this Motion to Alter, Plaintiff requested that the Order be altered to provide sufficient time for review of Plaintiff's "additional document submissions and corrections," which allegedly included newly discovered evidence. (*Id.*) At the time Plaintiff's Motion to Alter was filed, Plaintiff had not filed any additional documents.

On March 9, 2016, Plaintiff filed three Motions to Amend/Correct. All three Motions appear to be copies of Plaintiff's Memorandum in Opposition to Defendants' Summary Judgment, each one with several exhibits attached. (Dkt. 238-240.)

**ANALYSIS**

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). To succeed on a Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington,* 433 F.3d at 546.

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or any other reason justifying relief. Fed.R.Civ.P. 60(b); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). "The movant seeking relief

under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). A party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal. *Banks v. Chicago Board of Education*, 750 F.3d 663, 667 (7th Cir. 2014.)

Plaintiff requests that the Court reconsider its judgment granting Defendants' Motion for Summary Judgment of Plaintiff's claims and cites to the standards for Rule 59(e) and Rule 60 motions. However, Plaintiff makes absolutely no argument that she has met those standards such that a Motion to Vacate or Reconsider would be appropriate. Plaintiff appears to have used this Motion to advance further argument in support of her Response to Defendants' Motion for Summary Judgment (Dkt. 217). While she refers to "newly discovered evidence" in her Motion to Alter [236], Plaintiff makes no claim in this Motion that any of the exhibits attached to her three Motions to Amend/Correct are either newly discovered evidence or that these exhibits should be considered exhibits to this Motion instead of her Motions to Amend/Correct. Again, as noted above, these Motions to Amend/Correct are not Motions but are copies of Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment. (Dkt. 217, 238-240.) Plaintiff also fails to establish or provide any support that there was a manifest error of law or fact in the Order granting Defendants' Motion for Summary Judgment. Further, as noted by Defendants in their Response, Plaintiff's motion was untimely. A Rule 59(e) Motion to Alter or Amend a Judgment must be filed not later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). This Motion was filed on February 9, 2016, 32 days after entry of judgment.

A Rule 60(b) Motion is not an appropriate vehicle to raise arguments that were or should have been raised on appeal or in a motion under Rule 59(e). *See Bordelon v. Chicago Sch.*

*Reform Bd. of Trs.,* 233 F.3d 845, 848 (7th Cir. 2000). Plaintiff makes no showing that the type of extraordinary circumstances necessary for a relief from a judgment under Rule 60 exists here. Even if Plaintiff requests that the exhibits attached to her Motions to Amend/Correct be considered in support of this Motion, these filings were cited in her Memorandum in Opposition to Defendants' Motion for Summary Judgment and are not newly discovered evidence. (Dkt. 217, 229.)

Plaintiff fails to establish newly discovered evidence, manifest error of law or fact, or extraordinary circumstances. Thus, her Motion for Reconsideration and to Vacate is denied.

*Defendants' Bill of Costs*

On February 5, 2016, Defendants filed a Bill of Costs after judgment was granted in their favor. (Dkt. 228.) Plaintiff filed a Response to this Bill of Costs on June 2, 2016. (Dkt. 255.) Plaintiff argues that Defendants should not be awarded costs in this case because: judgment should not have been ordered in their favor, Defendants' actions "forced Plaintiff to incur thousands of dollars in costs throughout this litigation" through discovery requests and interrogatories, and Defendants have "unclean hands." In the alternative, Plaintiff argues that Defendants' bill of costs include costs of copies that were not necessary for use in this case and should be reduced. First, Plaintiff's argument that Defendants should not be awarded costs because Plaintiff had *prima facie* evidence that Defendants violated her rights is a reiteration of her previous arguments in response to Defendants' Motion for Summary Judgment and is not appropriately raised or addressed here. Second, Plaintiff provides no evidence to support her claims that Defendants' actions "unnecessarily" caused Plaintiff to incur costs, that Defendants have "unclean hands" or that Defendants' copies were excessive. Thus, Defendants' Bill of Costs [255] is granted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration and to Vacate [229] is denied, and Defendants' Bill of Costs [228] is granted.

Date:   June 30, 2016                         _____
                                              JOHN W. DARRAH
                                              United States District Court Judge